Silvio SIMARI, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. A. No. 68–358.

United States District Court
D. Massachusetts.

March 25, 1969.

---

3. Affidavit of Stephen H. Kimatian, p. 5.

484

———◆———

Mark Leicester, Boston Legal Aid Society, Boston, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiff, a resident of Revere, Massachusetts, seeks an order of this court reversing a decision of the Secretary of Health, Education and Welfare which denied him disability benefits. The action is brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).

The matter came before the Court on the Secretary's motion for summary judgment, filed pursuant to Rule 56(b), Federal Rules of Civil Procedure, and on the plaintiff's cross-motion for summary judgment in his favor.

The scope of review by this Court is set out in 42 U.S.C.A. § 405(g), which provides:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

The key fact finding challenged herein is the finding by the Secretary that plaintiff is not disabled within the meaning of 42 U.S.C.A. §§ 416(i) (1) and 423(c) (2). These sections define disability as

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months."

The administrative record establishes that plaintiff, a skilled cabinet-maker, was injured at his place of employment on November 13, 1961, that subsequent to that date he has undergone at least two myelograms, both of which indicate that he is suffering from several ruptured intervertebral discs, respectively located at lumbar 4–5 and lumbar 5 sacrel–1 positions. The record likewise establishes that these ruptured discs prevent plaintiff from working for any sustained period of time. Despite this, the Secretary has ruled, on the basis of Regulation 20, C.F.R., 404.1507, that plaintiff is not legally disabled because of the language in that regulation to the effect that

"an individual who wilfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability."

The transcript of the administrative hearing indicates that several qualified orthopedic surgeons have expressed the opinion, after examining plaintiff, that he should undergo surgery for the removal of the herniated discs. They are John J. Greenler, M.D., Daniel M. Killoran, M.D., and John J. McGillicuddy, M.D. The same opinion has also been expressed by the plaintiff's attending general surgeon, Anthony O. Cardullo, M.D., who stated, on March 3, 1966, "patient advised strongly to have surgery."

The administrative record also establishes that conservative therapy, consisting of various non-surgical procedures, has totally failed to rehabilitate plaintiff or to cure his back ailment during the more than six-year period which has elapsed from his incurring the injury in 1961 to the date of the close of the record.

Plaintiff's brief in support of his cross-motion for summary judgment and in opposition to the Secretary's motion relies on Martin v. Ribicoff, 195 F.

Supp. 761 (E.D.Tenn.1961); Morse v. Gardner, 272 F.Supp. 618 (E.D.La.1967), and Henninger v. Celebrezze, 349 F.2d 808 (6th Cir. 1965). A reading of these cases leaves very substantial doubt as to whether those courts directly addressed themselves to the question of establishing the identity of the forum which is directed by Congress in the Social Security law to decide the question of fact whether or not it is reasonable for a particular claimant to refuse to undergo corrective surgery and whether or not a refusal is wilful. I am of the opinion that the questions of both reasonableness and wilfulness of a claimant's conduct are committed by law to the fact-finding processes to be conducted by the Secretary of Health, Education and Welfare, not to a reviewing district court.

I rule that the reasonableness or not of plaintiff's refusal to follow the recommendations of four qualified medical specialists is a question of fact for the Secretary, not for this Court, to decide, and I also rule that, in finding that plaintiff's wilful and unreasonable failure to undergo corrective surgery is a cause of his present disability, the Secretary made a finding of fact which is supported by substantial evidence on the record considered as a whole and, consequently, this finding, which amounts to a finding that plaintiff's disability is self-induced, is amply supported in this record, both by the affirmative expression of opinion by several qualified surgeons and by the fact that the expiration of six years since the injury has clearly demonstrated that conservative measures have failed to restore plaintiff to normal health.

The motion of plaintiff for judgment in his favor is denied and the motion of defendant for summary judgment is allowed. DeFontes v. Celebrezze, 226 F.Supp. 327 (D.R.I.1964); Copelin v. Ribicoff, 194 F.Supp. 953 (W.D.Mo. 1961).

Order accordingly.