**David L. BARNES, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. No. 69–698.**

United States District Court,
D. Oregon.

Dec. 22, 1970.

William A. Mansfield, Medford, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Sp. Asst. U. S. Atty., Portland, Or., for defendant.

## OPINION

ALFRED T. GOODWIN, District Judge:

This action is brought under Section 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. Plaintiff seeks an order that his disability payments be recommenced.

Plaintiff is a 37-year-old ambulance driver and former Post Office employee with ten years of formal education. In March 1965, plaintiff sustained a ruptured spinal disc. He was unable to continue working, and he began receiving Social Security disability benefits.

There is no dispute as to the disabling nature of plaintiff's back injury. The only question is whether there is substantial evidence to support the Secretary's finding that plaintiff's period of eligibility for benefits under the Social Security Act had terminated. I find that there is.

The record indicates that between March 1965 and June 1968 plaintiff was examined by no less than ten physicians and orthopedic surgeons. As plaintiff's back pain persisted, the medical consensus was that corrective surgery would be needed. The doctors advised a laminectomy. Medical opinion was that a laminectomy offered an eighty to ninety per cent chance of recovery at minimal risk to the plaintiff.

In spite of repeated advice that surgery would probably be successful, plaintiff refused surgery on March 10, 1966. A psychiatric examination revealed no psychological or psychiatric reason which would preclude surgery. Therefore, the Social Security Administration terminated plaintiff's eligibility for disability benefits.

The applicable regulation, 20 C.F.R. § 404.1507, reads:

" * * * [A]n individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment."

Plaintiff asserts two grounds in justification of his refusal of surgery. The first is religious. Plaintiff adhered at various times to the Jehovah's Witnesses persuasion. In April of 1967, he resumed active religious participation.

A doctrine of the Jehovah's Witnesses forbids blood transfusion. Plaintiff asserts that a transfusion might be needed in the course of an otherwise routine laminectomy. The medical evidence is that a transfusion would be highly unlikely. Nonetheless, plaintiff's asserted religious objection has some arguable support in the evidence. The hearing officer found it to be without merit, however, and I agree.

 I express no opinion on the validity of the plaintiff's argument if he had proved that a religious dogma was the sole reason for his refusal of remedial medical treatment. *Cf.* Sherbert v.

Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). The troublesome First Amendment problems which would be raised by a free-exercise argument are substantially eliminated in this case because the evidence concerning the plaintiff's religious motives and beliefs was in conflict. Plaintiff objected to surgery in 1966 before he reactivated his religious practices. At that time he had a generalized fear of doctors. The evidence presented a question of fact for the hearing officer on plaintiff's reasons for refusing surgery. The hearing officer did not believe that the plaintiff had a religious basis for his refusal of treatment. I find no reason for overturning the hearing examiner's decision. This plaintiff's generalized fear of doctors does not justify the refusal of treatment.

A person has an unqualified right to entertain any religious beliefs that commend themselves to him. He does not, however, have an equally unqualified right to receive public money. In this case, the hearing examiner found that the plaintiff's choice to remain disabled and to refuse a routine medical procedure which carried with it a high probability of success was neither reasonable nor justified on a religious, factual, or psychological basis. There was evidence to support this finding. Simari v. Secretary of Health, Education and Welfare, 297 F.Supp. 483 (D.Mass.1969).

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a). The decision of the Secretary of Health, Education and Welfare is affirmed.

### SUMMARY JUDGMENT

Pursuant to the opinion filed herewith,

It is ordered that the defendant's motion for summary judgment is allowed, and the decision of the Secretary of Health, Education and Welfare is affirmed.